UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| JOSEPH L. LUTEYN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:06-cv-92 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB). On November 3, 2003, plaintiff filed his application for DIB benefits, claiming a May 12, 2003 onset of disability. (A.R. 51-53). Plaintiff's claim was denied on initial review. (A.R. 23-29). On March 13, 2006, plaintiff received a hearing before an administrative law judge at which he was represented by counsel. (A.R. 207-29). Among other things, the 28-year-old claimant testified that no physician had ever recommended surgery for his back condition (A.R. 213), and that he had no history of psychiatric or psychological treatment. (A.R. 215). On March 20, 2006, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 14-22). On June 7, 2006, the Appeals Council denied review (A.R. 3-5), and the ALJ's decision became the Commissioner's final decision. On August 7, 2006, plaintiff filed his complaint seeking judicial review of the Commissioner's decision denying his claim for DIB benefits. Plaintiff argues that the court should overturn the Commissioner's decision on the following grounds:

> A. The Administrative Law Judge's findings that Plaintiff's statements concerning the intensity, duration and limiting effect of these symptoms were not entirely credible, that Plaintiff has the residual functional capacity to lift twenty pounds occasionally and ten pounds frequently, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, that Plaintiff's self-imposed limitations are inconsistent with the objective medical record, that not allowing the testimony of a lay witness to develop the severity of Plaintiff's mental impairment are not supported by substantial evidence on the whole record, not supported by proper legal standards and/or represent an abuse of discretion.

(Statement of Errors, Plaintiff's Brief at 6, docket # 9). Upon review, I find that plaintiff's arguments do not provide any basis for disturbing the Commissioner's decision. I recommend that the Commissioner's decision be affirmed.


**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ."

42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from his alleged onset of disability of May 12, 2003, through the date of the ALJ's decision. Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability. Plaintiff had severe impairments of "mild compression deformities in the thoracic spine, transitional L5, history of internal fixation of the right iliac crest, borderline intellectual functioning, adult antisocial personality disorder and pain disorder." (A.R. 16). The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the

listing of impairments. The ALJ determined that plaintiff's subjective complaints were not fully credible. (A.R. 17-20). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk a total of 6 hours during an 8-hour workday with a sit/stand option at will; sit for a total of 6 hours during an 8-hour workday with a sit/stand option at will; occasionally climb, balance, stoop, crouch, kneel, and crawl; avoid concentrated exposure to temperature extremes and wetness; perform one or two-step tasks (and not complicated/detailed tasks); and occasional contact with the public, co-workers and supervisors.

(A.R. 17). Plaintiff was unable to perform his past relevant work. Plaintiff was 25 years old as of his alleged onset of disability and 28 years old as of the date of the ALJ's decision. Thus, plaintiff was classified as a younger individual. The ALJ found that plaintiff has a limited education. Given plaintiff's age, the transferability of job skills was not material. The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age and with his RFC, education, and work experience, the VE testified that there were approximately 10,500 jobs in the State of Michigan that the hypothetical person would be capable of performing. (A.R. 227-28). The ALJ held that this constituted a significant number of jobs. Using Rule 202.18 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 14-22).

1.

Plaintiff argues that the ALJ's credibility determination regarding plaintiff's subjective complaints is not supported by substantial evidence. This court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *see also Lawson v.*

*Commissioner*, 192 F. App'x 521, 528 (6th Cir. 2006). The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the deferential "substantial evidence" standard. "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476; *see West v. Commissioner*, No. 06-5763, 2007 WL 1991059, at * 4 (6th Cir. July 15, 2007). "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge [his] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773. "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

    Plaintiff argues that the ALJ failed to give specific and valid reasons for his credibility determination. (Plaintiff's Brief at 11, docket # 9). I find that plaintiff's argument is meritless. The ALJ's discussion of plaintiff's credibility is lengthy. Thus, it is incorporated herein by reference. (A.R. 17-20). The following paragraph is illustrative of the numerous reasons the ALJ gave for his factual finding that plaintiff's testimony regarding his functional limitations was not fully credible:

> The claimant's self-imposed limitations cited above are inconsistent with the objective medical record. No physician, treating or consultative, prescribed naps for the claimant or the extensive restrictions [o]n lifting, walking, standing and sitting that the claimant testified to at the hearing. There is no medical explanation for the claimant's "shakiness" in his hands resulting in problems for him drawing and writing. Furthermore, the claimant's credibility is questionable. He gives May 12, 2003, as his alleged onset and told the consultative psychologist that he stopped working because of back problems, stress at home and relationship difficulty (Exhibit 5F [A.R. 161]). However, in his workers' compensation claim, the claimant contended that he got hurt at work in September of 2002 which exacerbated his back condition (Exhibits 7F and 8F).[1] Treatment notes do not support this assertion. Notably, the claimant received medical treatment on August 20, 2002, and then on December 3, 2002 (Exhibit [4]F [A.R. 152-53]). He did not get treatment in September 2002 nor is there any mention of a work injury in treatment notes dated December 2, 2002.

(A.R. 19). Upon review, I find that the ALJ's credibility determination is supported by more than substantial evidence.

---

[1] Exhibit 7F (A.R. 169-80) is the transcript of a June 2, 2005 deposition of Salena Marie Cox, M.D., taken in plaintiff's workers' compensation case. Dr. Cox testified that she was not plaintiff's treating physician. She first met plaintiff on June 1, 2005, the day before her deposition. (A.R. 171, 174). *See Kornecki v. Commissioner*, 167 F. App.'x 496, 506 (6th Cir. 2006)( a single examination does not suffice to create a treating physician relationship). Dr. Cox recorded the history plaintiff provided regarding a purported September 2002 work-related injury. (A.R. 171). Dr. Cox offered a diagnosis of "chronic low back pain with some radiculopathy." (A.R. 172). Plaintiff's attorney then asked her a very long question, incorporating a series of assumptions, regarding whether plaintiff's September 2002 injury and plaintiff's work until May 2003 "in any way contributed [to] or aggravated [plaintiff's] overall back condition to the point where it resulted in disability." Dr. Cox responded, "At this point, I don't think he would be a candidate for any kind of work." (A.R. 172-73). Dr. Cox's statement that plaintiff was unable to work was not entitled to any particular weight. *See Stiltner v. Commissioner*, No. 06-6207, 2007 WL 2264414, at * 4 (6th Cir. Aug. 7, 2007); *see also* 20 C.F.R. § 404.1527(e)(1).

Exhibit 8F (A.R. 181-95) is the transcript of the deposition of James B. Wessinger, M.D. Dr. Wessinger exaimed plaintiff on October 14, 2004. Dr. Wessinger found that plaintiff had a history of a remote pelvic fracture in 1997. On examination Dr. Weesinger found that plaintiff had no neurologic deficits and that plaintiff's relatively mild back impairment did not warrant any exertional restrictions. (A.R. 184-88).

2.

Plaintiff disagrees with the ALJ's finding that he retained the RFC for a limited range of light work. RFC is the most, not the least, a claimant can do despite his impairments. 20 C.F.R. § 404.1545(a); *Griffith v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007). RFC is a determination made by the ALJ based upon all the evidence within the record. *Walters*, 127 F.3d at 531. "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category if it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567 (b); *see Longworth v. Commissioner*, 402 F.3d 591, 596 (6th Cir. 2005). Plaintiff presented very little medical evidence in support of his claim for DIB benefits. The evidence supports the ALJ's decision. Upon review, I find that the ALJ's RFC determination is supported by more than substantial evidence.

3.

Plaintiff argues that the hypothetical question posed to the vocational expert was inadequate. (Reply Brief at 2-3, docket # 11). A VE's testimony in response to a hypothetical question accurately reflecting a claimant's functional limitations provides substantial evidence supporting the Commissioner's decision.[2] *See Varley v. Secretary of Health & Human Servs.*, 820

---

[2]The 40, 500 jobs identified by the VE constitute a significant number of jobs. *See Martin v. Commissioner*, 170 F. App'x 369, 374 (6th Cir. 2006)(870 jobs constituted a significant number); *Jones v. Commissioner*, No. 96-2173, 1997 WL 413641, at * 2 (6th Cir. July 17, 1997) (1,200-1,500 jobs); *Hall v. Bowen*, 837 F.2d 272 (6th Cir. 1988) (1,350 jobs); *Lee v. Sullivan*, 988 F.2d 789, 794 (7th Cir. 1993) (1,400 is a significant number, and collecting cases where as few as 174 positions

F.2d 777, 779 (6th Cir. 1987). A hypothetical question is not required to list the claimant's medical conditions, but is only required to reflect the claimant's limitations. *Webb v. Commissioner*, 368 F.3d 629, 633 (6th Cir. 2004); *see Cooper v. Commissioner*, 217 F. App'x 450, 453 (6th Cir. 2007). The ALJ found that plaintiff's subjective complaints were not fully credible, and it is well settled that a hypothetical question to a VE need not include unsubstantiated complaints. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Griffeth v. Commissioner*, 217 F. App'x 425, 429 (6th Cir. 2007); *Chandler v. Commissioner*, 124 F. App'x 355, 358-59 (6th Cir. 2005); *Turcus v. Social Security Admin.*, 110 F. App'x 630, 632 (6th Cir. 2004). I find that plaintiff's argument does not provide a basis for disturbing the Commissioner's decision.

4.

Plaintiff's argument that the ALJ did not allow testimony from lay witness Monica Walls "to develop the severity of plaintiff's mental impairment" is frivolous. The hearing transcript shows that after lengthy questioning of plaintiff by the ALJ and plaintiff's attorney (A.R. 210-25), the ALJ asked plaintiff's counsel whether he believed that testimony from Monica Walls[3] was necessary:

| | |
|---|---|
| ALJ: | Is it necessary to bring in the witness? Is she going to add anything that has not been said today? |
| ATTY: | I think she probably would be able to tell you a lot about his depressive state of mind and the fact that he doesn't do a whole lot anymore, can't do it. |

---

were found to be a significant number).

[3]Plaintiff initially testified that Monica Walls was his girlfriend (A.R. 212), but he generally referred to her as his fiancee. (A.R. 212, 224). The record shows that plaintiff's relationship with Ms. Walls had been long-term (A.R. 161, 224). Ms. Walls had been sequestered during plaintiff's testimony. (A.R. 209-10).

| | |
|---|---|
| ALJ: | Okay. We have that already in the record and I have his symptoms in the record. I think I have enough for that. |
| ATTY: | All right. |
| ALJ: | All right? Next we're going to hear from Mr. Holwerda . . . . |

(A.R. 225). The transcript shows that the ALJ *never* made any ruling that precluded plaintiff's attorney from calling Monica Walls as a witness. Plaintiff's attorney acquiesced that testimony from Ms. Walls was unnecessary.

Plaintiff argues that if the ALJ had done more to develop the record by questioning Ms. Walls at the hearing, the ALJ would have found that plaintiff was disabled. (Plaintiff's Brief at 7, 8; Reply Brief at 4, 5). This is pure conjecture. Plaintiff's attorney made no offer of proof at the hearing. The court must work with the evidence presented to the ALJ, not with counsel's arguments, in hindsight, regarding evidence that might have been submitted. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Moreover, the record shows that the ALJ did fully and fairly develop the record. *See Daniels v. Commissioner*, 152 F. App'x 435, 489 (6th Cir. Oct. 24, 2005). It was plaintiff's burden to produce evidence in support of his disability claim. *See Landsaw v. Secretary of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986); *see also Struthers v. Commissioner*, No. 98-1528, 1999 WL 357818, at * 2 (6th Cir. May 26, 1999) ("[I]t is the duty of the claimant, rather than the administrative law judge, to develop the record to the extent of providing evidence of mental impairment."); *Cook v. Chater*, No. 95-2254, 1996 WL 338525, at * 1 (6th Cir. June 18, 1996) ("burden of providing a complete record rests with plaintiff"). The ALJ's special duty to *pro se* parties to develop the record does not extend to

plaintiff, because plaintiff had legal representation at the hearing. *See Trandafir v. Commissioner*, 58 F. App'x 113, 115 (6th Cir. 2003)("Only under special circumstances, *i.e.*, when a claimant is without counsel, and is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop the record."); *see also Rise v. Apfel*, No. 99-6164, 2000 WL 1562846, at * 2 (6th Cir. Oct. 13, 2000); *Lashley v. Secretary of Health & Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). I find that plaintiff's arguments regarding testimony Ms. Walls might have offered do not provide a basis for disturbing the Commissioner's decision.

### Recommended Disposition

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:  August 27, 2007          /s/  Joseph G. Scoville
                                 United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).